Scott, J.
The record in this case, shows the amended answer not to have been filed by way of addition to the original answer, but as a substitute therefor. It purports to be, of itself, a full “ answer to the petition,” and the first defense which it sets up is inconsistent with the first defense of the original answer, and both' could not have been honestly verified by affidavit, unless the one be regarded as a correction of, and substitute for, the other. The court below, therefore, properly regarded the issue made upon the first defense of the original answer, as withdrawn by the amended answer, which admitted that, as to that issue, the facts were as claimed by the plaintiff, and thereby abandoned the ground of defense originally taken.
The demurrer to the second and third defenses of the original answer, presents the question, whether, upon the sale of lands by an administrator, the estate which he represents can be held answerable in damages for representations made by him, at the time of sale, in regard to the character of the title, in respect to incumbrances, or the time at which the purchaser will be entitled to demand and recover the possession of the *533 premises from the tenant in possession? The deed of conveyance from the administrator, in this case, contained no covenants of warranty; and it is clear that such covenants, made by the administrator, without authority, could not have bound the estate. As administrator he could only sell the interest or estate of the deceased in the premises; and covenants of warranty, unauthorized by the will, or the order of court under which the sale was made, could only bind himself personally.
If, then, express covenants, contained in the deed of the administrator, do not bind the estate, we think it clear that his verbal representations, in regard to the state of the title, can have no such effect. Whatever ground such representations may furnish for rescinding or setting aside the sale,, or whatever personal liability they may impose upon the administrator, the law which gives him the character of a trustee, has conferred upon him no power to create liabilities against the estate by any warranties, either within or outside of his deed of conveyance. His power extends only to the sale and conveyance of such interest as the deceased held in the premises, and the maxim of “caveat emptor” is fully applicable to all such sales.
It follows, that the- demurrers to the second- and third defenses, both of the original and amended answers, were properly sustained by the court.
The only question remaining for consideration is, as to the sufficiency of the first defense stated in the amended answer. The verdict, in the suit before the justice, is shown by this defense to have been rendered about ten months before the commencement of the action in the court below; and it is averred that said verdict has not been set aside, though no judgment was ever entered upon it; that said suit, being on the same cause of action stated in the present petition, has never been dismissed, and is, therefore, still pending before the justice.
A majority of the court think the demurrer to this defense was properly sustained. Unless the verdict rendered upon a jury trial, before a justice of the peace, be set aside, the- *534 statute makes it the duty of the justice to render judgment thereon immediately. (Sec. 107 of Justices’ Act, S. & 0. Stat. 788.) If judgment be not rendered till a subsequent day, it would be at least irregular, and for that reason reversible. Robinson v. Kious, 4 Ohio St. Rep. 593. A justice of the peace can not, by neglecting or refusing to enter judgment within the time required by statute, keep an actiou indefinitely pending before himself. When his power to determine the controversy, by a valid judgment, ceases, his jurisdiction ends. His power of adjudication is derived from the statute, and if not exercised within the time allowed by law, it is clearly lost; and the cause is no longer pending before him. The legal effect of such a failure in duty, is a discontinuance of the action. So, jurisdiction may be lost by an adjournment of the ■suit, without consent of parties, for a time longer than the •statute permits. Such unauthorized adjournment, or other neglect of duty by the justice, which prevents a hearing and •determination of the suit within the proper time, it has been repeatedly held, works a discontinuance of the action. 2 Johns. 192 ; 5 Johns. 353; 13 Johns. 469; 1 Cowen, 245.
Judgment of the court of common pleas affirmed.
Sutliee, C.J., and Brinkerhoee, J., concurred.
Peck and Gholson, J J., dissented as to the third proposition of the syllabus, but concurred as to the first and second.